**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JASWANT SINGH, | No. 05-74907 |
| Petitioner, | Agency No. A073-416-143 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2010
San Francisco, California

Before: GOODWIN, BERZON and IKUTA, Circuit Judges.

Petitioner Jaswant Singh ("Petitioner") appeals the denial of his application

for asylum, withholding of deportation, and relief under the United Nations

Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1).

We grant the petition and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The Board of Immigration Appeals adopted the Immigration Judge's ("IJ") opinion without comment, and therefore we review the IJ decision. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). "We review an adverse credibility finding under the substantial evidence standard. . . . Although the substantial evidence standard is deferential, the IJ must provide a specific cogent reason for the adverse credibility finding." *Id.* (internal quotation marks and citations omitted).

The IJ found that Petitioner did not make a credible application because Petitioner's allegations that he participated in informational activities on behalf of the Akali Dal (Mann) political party, and that he was arrested and tortured, were not credible.

Regarding Petitioner's allegation that he participated in informational activities on behalf of the Akali Dal (Mann) political party, the IJ found Petitioner's testimony so vague that it made his allegations not credible. However, Petitioner's testimony was not vague. He was able to list other factions of the Akali Dal party, state the number of seats won by Akali Dal (Mann) candidates, name some of the winning candidates, describe his participation in rallies, and explain a boycott of one election. Thus, substantial evidence does not support this adverse credibility finding.

Regarding Petitioner's allegation that he was arrested and tortured, the IJ found it implausible that Petitioner was so involved with the Akali Dal (Mann) political party that one month after Petitioner's return to India he was arrested and tortured. The IJ also found that affidavits from villagers who witnessed Petitioner's arrest were entitled to little or no evidentiary weight because the affiants were illiterate and could not have known what was written in the affidavit. The IJ further found that letters written by Akali Dal (Mann) officials on behalf of Petitioner actually undermine Petitioner's allegation.

As discussed above, Petitioner has shown that he was involved with the Akali Dal (Mann) political party. Moreover, Petitioner alleged that he was arrested and tortured in part because he filed a complaint against the police. Thus, he need not have been deeply involved in politics or present in India for more than a month for this allegation to be plausible. Furthermore, the affidavits from the witnesses to Petitioner's arrest contained notary public certifications that the affidavits were read to the affiants and accepted as correct. Therefore, the IJ should have considered the affidavits. Finally, the IJ correctly found that the letters from the Akali Dal (Mann) officials do not corroborate Petitioner's allegation. However, the letters omit, rather than contradict, Petitioner's alleged arrest and torture.

Therefore the letters do not undermine Petitioner's allegation.  Thus, substantial evidence does not support this adverse credibility finding.

PETITION FOR REVIEW GRANTED; REMANDED.